(May 18, 1916.)

## WILLIAM R. THOMAS, Respondent, v. BENJAMIN R. HUSTON et al., Appellants.

[157 Pac. 951.]

REAL ESTATE — ORAL CONTRACT TO PURCHASE — SUFFICIENCY OF EVIDENCE.

1. *Held,* that the evidence is sufficient to support the findings, and that the findings are sufficient to support the judgment.

[As to what acts amount to part performance in specific performance suit and what acts do not, see note in 53 Am. Dec. 539.]

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to compel conveyance to plaintiff of certain town lots. Judgment for the plaintiff. *Affirmed.*

Jackson & Walters, for Appellants.

The evidence shows, according to respondent's own testimony, that there never was a contract concluded between the respondent and appellant Huston; their minds never met; the terms and conditions of the contract were never agreed

upon. There is no evidence showing the kind of buildings that were to be erected, neither does the trial court so find. (*Phelps v. Good,* 15 Ida. 76, 96 Pac. 216; *Thompson v. Burns,* 15 Ida. 572, 598, 99 Pac. 111.)

Before a court of equity will enforce the specific performance of a contract, it must be complete in all its terms. (3 Elliott on Contracts, sec. 2294.)

If the testimony be contradictory or doubtful, a decree for specific performance will be refused. (*Gates v. Gamble,* 53 Mich. 181, 18 N. W. 631; *Wright v. Weeks,* 25 N. Y. 153; *Potts v. Whitehead,* 20 N. J. Eq. 55; *Manning v. Ayers,* 77 Fed. 690, 23 C. C. A. 405.)

The evidence must establish the contract and its terms clearly and satisfactorily. (*Prairie Development Co. v. Leiberg,* 15 Ida. 379, 393, 98 Pac. 616.)

J. A. Elston and Wm. C. Bicknell, for Respondent.

However indefinite or incomplete the oral agreement might have been at the start is not now material, for if indefinite and uncertain at the start, it was thereafter from day to day as the buildings advanced and were finally completed by common consent made definite and certain in all its necessary terms. Defendants are now estopped from raising this point, and will not be heard in a court of equity to say that defendant Huston did not make a valid contract. (*Lane v. Pacific & I. N. R. Co.,* 8 Ida. 230, 67 Pac. 656.)

SULLIVAN, C. J.—This action was brought by the plaintiff for the specific performance of an alleged oral contract between the plaintiff and respondent Huston and his wife for the sale of three certain town lots in the town of Huston, in Canyon county, and also to secure the cancelation of a deed given by Huston and wife to the defendant Flemmons.

The defendant filed an answer denying the material allegations of the complaint and set up some affirmative defense. Upon the issues made the cause was tried by the court with a jury and findings of fact were made and judgment entered in favor of the plaintiff. This appeal is from the judgment.

It appears from the record that about March 1, 1913, the appellant Huston was the owner of what is known as the Huston town site, and had advertised that he would give lots free to those who would erect buildings thereon and occupy them for business purposes; that the respondent was a blacksmith by trade, and on March 6, 1913, appellant Huston interviewed the respondent in regard to his going out to the town site of Huston and selecting lots with a view to locating there.

The respondent went out to the town of Huston on March 8th, when Huston showed him the lots in question. The respondent contemplated erecting a blacksmith-shop on one of the lots and a residence on the others. It appears that the respondent was favorably impressed with the proposition and informed Huston that in case he could get the buildings erected he would take the lots and change his residence from Caldwell to Huston. He thereafter made an arrangement with Flemmons, by which Flemmons agreed to erect the buildings for him and permit him to pay for them on the instalment plan. Flemmons proceeded to erect the buildings and thereafter Huston conveyed to Flemmons the title to said lots instead of conveying it to the respondent.

On the trial of the cause the court found all of the issues in favor of the plaintiff and entered judgment in his favor, to the effect that the plaintiff is the owner in fee of said town lots and entitled to conveyance thereof, and that the defendants are required to execute and deliver to plaintiff a good and sufficient deed to said town lots conveying them to him, free and clear of all encumbrances, within twenty days of the entry of said judgment.

Upon an examination of the evidence, we are fully satisfied that it is sufficient to sustain the findings made by the court, and the evidence and the law applicable thereto amply support the judgment entered.

The judgment is therefore affirmed, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.